Kearney v. Westchester County Department of Correction

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

PRESENT:
> ROBERT A. KATZMANN,
> BARRINGTON D. PARKER,
> RICHARD C. WESLEY,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――――

Walter Kearney,

> *Plaintiff-Appellant*,

> v.                                                          12-653

Westchester County Department of Correction,

> *Defendant-Appellee.*

―――――――――――――――――――――――――――――――

FOR APPELLANT**:**          Walter Kearney, *pro se*, Mount Vernon, NY.

FOR APPELLEE**:**           Thomas G. Gardiner, Senior Assistant County Attorney (James Castro-Blanco, Chief Deputy County Attorney, *on the brief*), *for* Robert F. Meehan, County Attorney for the County of Westchester, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Walter Kearney, proceeding *pro se*, appeals from the judgment of the United States District Court for the Southern District of New York granting the defendant's motion to dismiss Kearney's 42 U.S.C. § 1983 claim of false imprisonment under Federal Rule of Civil Procedure 12(b)(6). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This Court reviews *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although factual allegations in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Applying these standards, we conclude that the district court correctly granted the defendant's motion. To establish a claim for false imprisonment under section 1983 or New York law, a plaintiff must allege that: (1) the defendant intended to confine him; (2) he was

2

conscious of the confinement; (3) he did not consent to the confinement; and (4) the confinement was not otherwise privileged. *See Shain v. Ellison*, 273 F.3d 56, 67 (2d Cir. 2001). Here, Kearney cannot allege that his confinement was not privileged because the Westchester County Department of Correction held him pursuant to a facially valid parole warrant. *See* N.Y. Exec. Law § 259-i(3)(a)(i) ("A warrant issued pursuant to this section shall constitute sufficient authority to the superintendent or other person in charge of any jail, penitentiary, lockup or detention pen to whom it is delivered to hold in temporary detention the person named therein."); *cf. Simms v. Vill. of Albion*, 115 F.3d 1098, 1106 (2d Cir. 1997) ("A police officer who relies in good faith on a warrant issued by a neutral and detached magistrate upon a finding of probable cause is presumptively shielded by qualified immunity from personal liability for damages."). We may consider the parole warrant on a motion to dismiss because Kearney attached it to his complaint. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) ("[T]he complaint is deemed to include any written instrument attached to it as an exhibit . . . ."). Because Kearney sued only the Westchester County Department of Correction, and not the parole officer who issued the warrant, we need not consider whether that officer had "reasonable cause" to issue the warrant. N.Y. Exec. Law § 259-i(3)(a)(i).

We also note that Kearney argues that his imprisonment was unlawful because "Penal Law Sec. 70.40(b) does not require a person who has been conditionally released to continue service of his sentence in accordance with and subject to the provisions of the Executive Law." Appellant's Br. at 6. Subsection 70.40(1)(b), to which Kearney refers, establishes that a person may "be conditionally released" under certain conditions and that "[t]he conditions of release, including those governing post-release supervision, shall be such as may be

3

imposed by the state board of parole in accordance with the provisions of the executive law."

N.Y. Penal Law § 70.40(1)(b). The lack of the words "continue service of his sentence" is

immaterial, and Kearney's apparent assertion that a parole warrant may not issue under the

executive law is unavailing.

    We have considered all of Kearney's remaining arguments and find them to be

without merit.  For the reasons stated above, the judgment of the district court is hereby

**AFFIRMED.**

                        FOR THE COURT:
                        Catherine O'Hagan Wolfe, Clerk